UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MERWIN COLEMAN,<br><br>  Plaintiff,<br><br>    v.<br><br>NICK BAKER, et al.,<br><br>  Defendants. | CAUSE NO. 3:19-CV-129-JD-MGG |

OPINION AND ORDER

Merwin Coleman, a prisoner without a lawyer, filed a first amended complaint (ECF 22) against six defendants alleging that Michigan City Police Officer Nick Baker used excessive force against him on July 23, 2017. He also sues Michigan City Police Chief Mark Swistek, Michigan City Mayor Ronald Meer, the Michigan City Police Department, the City of Michigan City, and the State of Indiana asserting that the defendants failed to train Officer Baker and violated several state laws. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coleman, who is currently housed at the Minnesota Correctional Facility, alleges that, on July 23, 2017, at 3:45 a.m., when he was shopping at Walgreens in Michigan City, Indiana, his girlfriend called him and told him that someone was shining red beams into their house. (ECF 22 at 3.) As they were talking, gun shots were fired and his girlfriend screamed, began crying, and stated she needed to get the children. (*Id.*) He states he then ran out of Walgreens, jumped in his truck, turned on his emergency flashers, and raced home. (*Id.*) When Coleman got home, there was no one outside his house, but he saw five police cars with flashing red lights at a stop light four blocks from his house. (*Id.*) He entered his house and told his girlfriend to take the children to a motel and file a report at the police station. (*Id.* at 3-4.)

Coleman then left his house and drove four blocks to where he saw the five police cars. (*Id.* at 4.) He got out of his truck and spoke to Police Officer Nick Baker. Coleman told Officer Baker that someone had fired gun shots at his house. (*Id.*) Officer Baker asked Coleman for his I.D. and, after running a background check on Coleman, he told Coleman to go home and wait for him there. (*Id.*) Coleman told Officer Baker that he was afraid for his life and did not want to return to his house. (*Id.*) He states that Officer Baker stated: "Go sit on your porch and wait for me or go to jail." (*Id.*) Coleman claims that Officer Baker would not return his I.D. and told him that he was keeping it in case he needed to file a warrant for his arrest for lying to the police. (*Id.* at 4-5.)

Coleman returned home and, when he pulled into his driveway, he heard shots and decided to head back to talk with the police. (*Id.* at 5.) Coleman claims that as soon as he pulled back on to the street where the police were located, Officer Baker pulled

2

out his gun and opened fire on his truck. (*Id.*) He states that the first two bullets hit the hood of his truck and he was terrified and did not know why Officer Baker was shooting at him. (*Id.*) He states that Officer Baker continued to shoot at him and that two bullets came through his windshield. (*Id.*) Coleman further claims that Officer Baker stood on the sidewalk and "unloaded his magazine in [his] left driver side door." (*Id.*) He states he was hit in the left arm and a bullet grazed the left side of his head, which caused him to crash his truck into a tree. (*Id.*) He states that Officer Baker ran to his truck and started yelling: "Don't you f***** move, you better not move, or I'll unload my gun and kill you." (*Id.* at 6.) Coleman alleges that Officer Baker then opened the driver's side door of his truck, grabbed his ankles, pulled him out of his truck, threw him on the ground causing his face and head to hit the ground, and handcuffed him. (*Id.*) He claims that Officer Baker knew he was not armed, and he never shot back at Officer Baker. (*Id.*) Coleman states that Officer Baker shot a total of 16 bullets into his truck. (*Id.*) He was transported to the hospital and, after he was released, he was taken to the police station to give a statement. (*Id.*) He also filed a complaint against Officer Baker. (*Id.*)

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of

3

reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. Here, additional fact finding may demonstrate that the force used against Coleman was objectively reasonable, but giving Coleman the inferences to which he is entitled at this stage of the case, he has stated a claim of excessive force against Officer Baker based on the July 23, 2017, incident.

Coleman also asserts that Michigan City Police Chief Mark Swistek, the Michigan City Police Department, and the City of Michigan City are liable because they are responsible for training police officers. (ECF 22 at 9-10.) An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," but Coleman's amended complaint does not allege such a pattern of constitutional violations. The amended complaint merely makes vague allegations that the training of Officer Nick Baker was inadequate. Thus, Coleman is not permitted to proceed against Michigan City Police Chief Mark Swistek, the Michigan City Police Department, and the City of Michigan City on a claim that they failed to adequately train Officer Nick Baker.

Coleman has also asserted various state law claims against Officer Baker, the State of Indiana, and the City of Michigan City. (ECF 22 at 7-10.) Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed

with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions as well. *Id.* However, Coleman's amended complaint does not include any allegations that he complied with the notice requirements of the Indiana Tort Claims Act. Thus, the state law claims will be dismissed.

Finally, Coleman has sued Michigan City Mayor Ronald Meer. However, he never mentions Mayor Meer in the body of his amended complaint. Therefore, he cannot proceed on a claim against Mayor Meer.

For these reasons, the court:

(1) LIFTS the stay in this case;

(2) GRANTS Merwin C. Coleman leave to proceed against Officer Nick Baker in his individual capacity for compensatory damages for using excessive force when he opened fire on him and shot 16 bullets into his truck on July 23, 2017, in violation of the Fourth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Michigan City Police Chief Mark Swistek, the Michigan City Police Department, Michigan City Mayor Ronald Meer, the City of Michigan City, and the State of Indiana;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Police Officer Nick Baker at the

Michigan City Police Department with a copy of this order and amended complaint (ECF 22), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Nick Baker respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 8, 2020

    /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT